**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LAWRENCE ANDREW NORTH** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:19cv209-HSO-RHWR** |
| | § | |
| | § | |
| **BP EXPLORATION & PRODUCTION** | § | |
| **INC., et al.** | § | **DEFENDANT** |

**ORDER DENYING DEFENDANT'S MOTION [87] TO DISMISS FOR LACK
OF PROSECUTION**

BEFORE THE COURT is Defendant BP Exploration & Production, Inc.'s

Motion [87] to Dismiss for Lack of Prosecution. After due consideration of the

record, the related pleadings, and relevant legal authority, the Court is of the

opinion that the Defendant's Motion [87] to Dismiss for Lack of Prosecution should

be denied.

## I.   BACKGROUND

On November 5, 2018, Plaintiff Lawrence Andrew North filed a complaint

against BP Exploration & Production, Inc., and BP America Production Company

for personal injuries arising out of his work as a Cleanup Worker in the aftermath

of the Deepwater Horizon oil spill. Compl. [1] at 5. The case was transferred to this

Court on April 2, 2019. Order [6]. After the Court entered a Case Management

Order [24], the parties began to conduct discovery, with Plaintiff's initial expert

designation deadline set for September 1, 2020, and Defendant's deadline set for

November 2, 2020. Case Mgmt. Order [24]. A full three months after Plaintiff's expert deadline had passed, on December 3, 2020, Plaintiff moved to modify the Case Management Order, seeking additional time for him to designate a new expert. Mot. [58]. Ultimately, the Court accommodated his request, and he was given until June 7, 2021, to designate his experts. Order [76].

Instead of finally designating his experts on that date, Plaintiff's counsel filed a Motion [80] to Withdraw as Attorney, stating that he had been unable to contact Mr. North for weeks. Mot. [80] at 2. He also filed a Motion [81] to Stay Proceedings and a Motion [82] to Stay Discovery, asking that the case be stayed for 45 days or until Plaintiff could secure new counsel, whichever was sooner. Mot. [81] at 1.

On August 16, 2021, the Magistrate Judge entered an Order [86] granting counsel's Motion [80] to Withdraw and denying Plaintiff's Motion [81] and Amended Motion [82] to Stay Discovery. The Order gave a clear deadline of September 7, 2021, for Mr. North to either employ new counsel or inform the Court that he would be proceeding pro se. Order [86] at 1. When that deadline passed, Defendant filed the present Motion [87] to Dismiss for Lack of Prosecution. Defendant argues that Plaintiff's failure to follow the Court's Order [86] amounts to a failure to prosecute, and that the Court should enforce its warning that "[i]f Plaintiff fails to timely comply, this case will be subject to dismissal." *Id.*

On October 28, 2021, Plaintiff filed an untimely Response [91] to Defendant's Motion to Dismiss and a Notice [90] that he will proceed pro se. In their Reply [93], Defendants maintain that the case should be dismissed, but in the alternative

request leave to file *Daubert* and dispositive motions beyond Defendant's original September 21, 2021, deadline.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41 allows a defendant to seek dismissal for lack of prosecution. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). A dismissal under this Rule acts as an adjudication on the merits. Fed. R. Civ. P. 41(b); *see also Weissinger v. United States*, 423 F.2d 795, 799 (5th Cir. 1970). A district court may dismiss for a plaintiff's failure to prosecute upon motion of a defendant, or it may dismiss an action sua sponte whenever necessary to "achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 631. "Dismissal with prejudice, however, is an extreme sanction which is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists.'" *Anthony v. Marion Cty. Gen. Hosp.,* 617 F.2d 1164, 1167 (5th Cir. 1980) (citations omitted).

Pro se litigants are held to less stringent standards than licensed attorneys. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). Courts will be "liberal in reviewing pro se pleadings and motions, giving pro se plaintiffs opportunity to amend if necessary, and granting extensions of time to comply with orders." *Badon v. U.S. Dep't of Agric.*, No. CV 20-460-BAJ-RLB, 2020 WL 5576694, at *2 (M.D. La. Sept. 17, 2020).

In this case, Plaintiff has exhibited a record of delay by disregarding Court deadlines multiple times. For example, he waited until almost three months after his initial expert designation deadline to seek an extension of time to designate

3

experts. Over Defendant's objections, the Court granted his request and he received an additional four months to designate new experts. Order [76]. Instead of designating an expert, his counsel filed a Motion [80] to Withdraw because he had been unable to reach Plaintiff, and requested to stay proceedings. Mot. [80] at 1.

The Magistrate Judge gave Plaintiff until September 7, 2021, to secure new counsel or enter a notice that he was proceeding pro se. Plaintiff did not comply until October 28, 2021. While Plaintiff was almost two months late in filing his reply, in light of his pro se status, the Court will give him one final opportunity to preserve his claims. However, Plaintiff is strongly cautioned that further failure to follow deadlines or prosecute his claim, or to keep the Court informed of his current mailing address, may result in a dismissal of his case.

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant BP Exploration & Production Inc.'s Motion [87] to Dismiss for Lack of Prosecution is **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant's September 21, 2021, Dispositive Motions deadline will be extended to December 15, 2021. Any response by Plaintiff must be filed by January 3, 2022, with any Reply by Defendants due January 10, 2022.

**SO ORDERED,** this the 17th day of November, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

4