IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAWRENCE ANDREW NORTH** § | | **PLAINTIFF** |
| § | | |
| § | | |
| v. § | | Civil No. 1:19cv209-HSO-RHWR |
| § | | |
| § | | |
| **BP EXPLORATION & PRODUCTION** § | | |
| **INC., et al.** § | | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION [98] FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment [98] filed by Defendants BP Exploration & Production, Inc., and BP America Production Company, on December 15, 2021. Plaintiff Lawrence Andrew North has not responded and the time for doing so has passed. Having considered Defendants' Motion [98] on its merits, the record, and relevant legal authority, the Court is of the opinion that the Motion [98] for Summary Judgment should be granted, and that Plaintiff's claims should be dismissed with prejudice.

### I. BACKGROUND

On November 5, 2018, Plaintiff Lawrence Andrew North ("Plaintiff" or "Mr. North") filed a complaint against BP Exploration & Production, Inc., and BP America Production Company for personal injuries arising out of his work as a Cleanup Worker in the aftermath of the Deepwater Horizon oil spill in June and July 2010. Compl. [1] at 4. He claims that he was exposed to "oil, dispersants, and

other harmful chemicals" while working as a Cleanup Worker, which caused him to develop Atopic Dermatitis. *Id.* at 5.

The case was transferred to this Court on April 2, 2019. Order [6]. After the Court entered a Case Management Order [24], the parties began to conduct discovery, with Plaintiff's initial expert designation deadline set for September 1, 2020, and Defendants' deadline set for November 2, 2020. Case Mgmt. Order [24]. A full three months after Plaintiff's expert deadline had passed, on December 3, 2020, Plaintiff moved to modify the Case Management Order, seeking additional time for him to designate a new expert. Mot. [58]. Ultimately, the Court accommodated his request, and he was given until June 7, 2021, to designate his experts. Order [76].

Instead of finally designating his experts on that date, Plaintiff's counsel filed a Motion [80] to Withdraw as Attorney, stating that he had been unable to contact Mr. North for weeks. Mot. [80] at 2. He also filed a Motion [81] to Stay Proceedings and a Motion [82] to Stay Discovery, asking that the case be stayed for 45 days or until Plaintiff could secure new counsel, whichever was sooner. Mot. [81] at 1.

On August 16, 2021, the Magistrate Judge entered an Order [86] granting counsel's Motion [80] to Withdraw and denying Plaintiff's Motion [81] and Amended Motion [82] to Stay Discovery. The Order gave a clear deadline of September 7, 2021, for Mr. North to either employ new counsel or inform the Court that he would be proceeding pro se. Order [86] at 1. When that deadline passed, Defendants filed a Motion [87] to Dismiss for Lack of Prosecution. Defendants argued that Plaintiff's failure to follow the Court's Order [86] amounted to a failure to prosecute, and that

2

the Court should enforce its warning that "[i]f Plaintiff fails to timely comply, this case will be subject to dismissal." *Id.* On October 28, 2021, Plaintiff filed an untimely Response [91] to Defendants' Motion to Dismiss, along with a Notice [90] that he would proceed pro se.

In light of Mr. North's pro se status, the Court denied Defendants' Motion [87] to Dismiss, following which Defendants filed the present Motion [98] for Summary Judgment. They also filed a Motion [96] to Exclude the Testimony and Opinions of Plaintiff's expert, Patricia Williams, Ph.D. Defendants argue that Mr. North has produced no admissible expert testimony that sufficiently shows legal causation, which is fatal to his claim. Mem. [99] at 1.

Mr. North's Response was due on January 3, 2022. Text Order Nov. 18, 2021. When that date passed without a response from Mr. North, and again in light of his pro se status, the Court sua sponte extended his deadline to respond until January 11, 2022, warning that "[i]f no response is filed by the deadline, the Court will proceed to rule on the Motion without the benefit of a response." Text Order Jan. 4, 2022. Despite the Court's repeated emphasis on deadlines and extensions, Mr. North has not filed a Response.

## II.  DISCUSSION

A.  Summary judgment standard

A court should grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Summary judgment is mandatory

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011). The Court views all facts and inferences in the light most favorable to the nonmovant. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).

B.  Analysis

After the Deepwater Horizon oil spill, BP entered into a settlement agreement with the members of a class action, and part of that settlement agreement provided a Back-End Litigation Option ("BELO") as a remedy for class members whose injuries were diagnosed after April 16, 2012. *Mem.* [97] at 1-2. In a BELO lawsuit, the plaintiff must prove that his or her injuries were caused from exposure to the oil spill. *Harriel v. BP Expl. & Prod. Inc.*, No. 2:17-CV-197-KS-MTP, 2019 WL 2574118, at *1 (S.D. Miss. May 15, 2019).

Defendants assert that they are entitled to summary judgment on grounds that Mr. North cannot meet the requirement that he prove causation through admissible expert testimony. Mem. [99] at 6. They contend that Mr. North's expert witness, Dr. Patricia Williams, has failed to satisfy the requirements set forth in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and that because her report is inadmissible, Mr. North "is unable to meet his burden of proof on legal causation." *Id.*

4

> The Fifth Circuit has explained that
>
> > General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury. Evidence concerning specific causation in toxic tort cases is admissible only as a follow-up to admissible general-causation evidence. Thus, there is a two-step process in examining the admissibility of causation evidence in toxic tort cases. First, the district court must determine whether there is general causation. Second, if it concludes that there is admissible general-causation evidence, the district court must determine whether there is admissible specific-causation evidence.

*Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007) (internal citations omitted).

For a plaintiff to establish causation, "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain a plaintiff's burden in a toxic tort case." *Seaman v. Seacor Marine, LLC*, 326 F. App'x 721, 723 (5th Cir. 2009) (citing *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)). Proof must be derived from medical testimony, *Seaman,* 326 F. App'x at 723, or from a Rule 26(a)(2)(B) expert report, *Harriel*, 2019 WL 2574118 at *3.

Even though Mr. North has not carried his burden as the nonmovant to point the Court to evidence in the record creating a triable issue of fact, given his pro se status, the Court does note that Mr. North designated Dr. Williams, among others, as an expert.[1] On January 10, 2022, the Court received a Notice that Dr. Williams

---

[1] Mr. North also designated Michael Klein, Christiane Pittaluga, Dr. Andrew Rosen, Dr. Vicki Roy, and Dr. Andrew Adams as expert witnesses. Ex. [98-2]. However, only Dr. Williams has provided an expert report that offers causation opinions. *See* Ex. [98-3], [98-4], [98-5]. As such, the other experts' opinions are insufficient to withstand summary judgment.

5

is not currently retained as an expert by Plaintiff and has no intention of testifying or offering opinions in this case. *See* Not. [113].

Dr. Williams was previously retained by Mr. North's former counsel, but former counsel terminated their relationship on December 31, 2020. *Id.* at 1. Furthermore, Mr. North did not subsequently retain Dr. Williams as an expert after his former counsel withdrew from this action. *Id.* at 2. Dr. Williams's discontinued role in this lawsuit renders Defendants' Motion [96] to Exclude her Testimony moot, and Plaintiff cannot rely on her opinion to show causation.

Mr. North must establish causation by providing either medical testimony, *Seaman*, 326 F. App'x at 723, or a Rule 26(a)(2)(B) expert report, *Harriel*, 2019 WL 2574118 at *3. Mr. North has neither to support his claim against Defendants. Without any admissible evidence to prove causation, Mr. North's claim cannot withstand summary judgment. *See Atkins v. Ferro Corp.,* 314 F. App'x 662, 663 (5th Cir. 2009) ("Because plaintiffs presented no expert testimony in support of causation, there is no error in the summary judgment.").

Viewing the facts and drawing all reasonable inferences in favor of Mr. North as the nonmoving party, he has not produced evidence sufficient to establish a triable issue of fact on the issue of causation, an essential element of his claim. Defendants are therefore entitled to summary judgment.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants BP Exploration & Production, Inc., and BP America Production Company's Motion [98] for Summary Judgment is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Lawrence Andrew North's claims against Defendants BP Exploration & Production, Inc., and BP America Production Company, are **DISMISSED WITH PREJUDICE**. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 18th day of January, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE